FILED

2016 MAR -4 A 10: 37

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| Qianqian Jin | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:16 CV 235 AJT/MSN |
| | ) | |
| Miao Liu | ) | |
| | ) | |
| and | ) | |
| | ) | |
| &lt;manhua.com&gt; | ) | |
| | ) | |
| and | ) | |
| | ) | |
| &lt;5678.com&gt; | ) | |
| | ) | |
| and | ) | |
| | ) | |
| &lt;26266.com&gt; | ) | |

## Verified Complaint

Comes now the Plaintiff Qianqian Jin by and through her counsel, and files this complaint against Miao Liu and the domains <manhua.com>, <5678.com> and <26266.com.>.

I. <u>Nature of The Suit</u>

1. This is an action for violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 as well as relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

2. The Plaintiff is seeking an injunction and other equitable relief as a result of the actions of the Defendant Miao Liu who gained unauthorized access to the Plaintiff's account at

1

the Plaintiff's registrar, eNom, on a protected computer, and used this access to transfer control of the Defendant Domain Names from the Plaintiff's account and therefore disabled the Plaintiffs ability use and control her domain names causing irreparable injury to the Plaintiff.

II. The Parties

3. The Plaintiff is an individual, Qianqian Jin (hereinafter "the Plaintiff"), with a principal place of business at No. 34, Nanyuan Community, Xinqiao Town, Luqiao District, Taizhou City, Zhejiang Province, China.

4. Upon information and belief the Defendant Miao Liu (hereinafter "Defendant Liu") is a resident of China, residing on Chengdushijinniuquchanghelu Street, Chengdu, China 610000 with a phone number of +86.15510068250.[1]

5. The registry for the Defendant Domain Names, the *res* of this *in rem* action, &lt;manhua.com&gt;, &lt;5678.com&gt; and &lt;26266.com&gt; is Verisign, Inc, which is located within this judicial district.[2]

III. Jurisdiction and Venue over the Subject Matter of this Action

6. This action arises out of the Defendants violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

7. This Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and has *in rem* jurisdiction over the Defendant Domain Names pursuant to

---

[1] This address was provided on the Form of Authorization for the unauthorized transfer of the subject domain names but appears to be facially illegitimate and incomplete.

[2] Verisign, Inc.'s primary place of business is 21355 Ridgetop, Circle - Lakeside III, Dulles, Virginia 20166, within this judicial district.

2

15 U.S.C. § 1125(d)(2)(A), insofar as the registry for .com, domain names, Verisign, Inc., is located within this judicial district. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action arises under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

8. Venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) as the subject registry, Verisign, Inc., has its principal places of business in this judicial district. Venue is further proper pursuant to 28 U.S.C. §1391(b)(2) as the subject of the action resides in this district.

9. The Defendant Miao Liu directed the acts complained of towards the district and utilized instrumentalities in the district in that the Defendant gained unauthorized access to the Plaintiff's domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration record maintained by Verisign for the Defendant Domain Names to be altered so as to transfer control of the Defendant Domain Names away from the Plaintiff.

10. The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.

IV. Notice

11. Pursuant to ACPA § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint is being sent to the Defendant at the postal and email address on the current WHOIS records as set forth above as well as to the postal and email address previously identified by the Defendant.

12.  Plaintiff is providing such notice contemporaneously with the filing of this Complaint. Pursuant to 15 U.S.C. §1125(d2)(A)(ii)(II)(bb), Plaintiff will promptly publish notice of this action as the court may direct after filing of this Complaint.

V.  **Factual Background**

13.  On January 11, 2010 the Plaintiff, through her representative, purchased <manhua.com> which was originally registered in the name of Yangjian Luo.

14.  On January 27, 2013, Plaintiff, through her representative, purchased <5678.com>.

15.  On January 16, 2004, the Plaintiff, through her representative, purchased <26266.com> which was originally registered in the name of Da Jin.

mailto:nga2011us@hotmail.com. 16. On or about January 28, 2013 the domains <manhua.com>,[3] <5678.com> and <26266.com> were transferred to the Plaintiff's eNom account with the account name of inga2011emes and an email of nga2011us@hotmail.com.

17.  On or about February 26, 2015, Plaintiff renewed the Domain Names for five years. (See Exhibit 1, registration renewal confirmation.)

18.  Plaintiff is in the business of domain monetization, and, as such, purchases domain names for the purpose of turning internet traffic into monetary gain through the use of site development, as well as click through traffic, creation of business ventures, and domain name sales.

19.  The Defendant Domain Names are extremely valuable and their loss has deprived the Plaintiff of the income regularly generated by the Defendant Domain Names. The Defendant

---

[3] Unlike the other domains, <manhua.com> was first placed in a different eNom account

4

Domain Names are worth somewhere between $250,000 on the low end to more than $1,000,000.

20. Defendant Liu has taken control of the Defendant Domain Names with the intent to redirect the income produced by the Defendant Domain Names to himself and to resell the Domain Names.

21. Over the many years of ownership of the Defendant Domain Names, the Plaintiff has used the Defendant domain names in commerce and has common law rights in the subject marks, manhua.com, 5678.com and 26266.com.

22. Defendant Liu's actions are in violation of these aforementioned rights of Plaintiff.

23. The Plaintiff maintains a domain name management account at eNom.

24. The Plaintiff's domain name management account at eNom is maintained on a protected computer system and access to the account should be restricted only to that person with the Plaintiff's username and password.

25. On or before December 4, 2015 Defendant Liu gained unauthorized access to the Plaintiff's domain name management account at eNom and subsequently altered the domain registration record for the Defendant Domain Names. (See Exhibits 2a, 2b and 2c, Forms of Authorizations (FOA) for the unauthorized transfers.)

26. In January 2016 the Plaintiff attempted to access her eNom account and learned that the Defendant Domain Names had been transferred out of her account on or about December 10, 2015.

---

controlled by the Plaintiff before being transferred to the inga2011emes eNom account.

27. Defendant Liu has taken control of the Defendant Domain Names with the intent to divert substantial advertising revenue produced by the web sites associated with the Defendant Domain Names to himself.

28. Defendant Liu has taken control of the Defendant Domain Names with the intent to redirect the Plaintiffs customers from web sites controlled by the Plaintiff to web sites controlled by the Defendant.

29. Defendant Liu has taken control of the Defendant Domain Names with the intent to resell the Defendant Domain Names.

30. Defendant Liu has taken control of the Defendant Domain Names with the intent to damages the good reputation and good will which the Plaintiff has built in the Defendant Domain Names over many years.

31. Defendant Liu's registration and use of the Defendant Domain Names is without the Plaintiff's authorization.

32. Defendant Liu has no intellectual property rights in the Subject Domain Names.

33. Defendant Liu provided misleading or incomplete contact information in the domain name registration when changing the registration for the Subject Domain Names.[4]

34. Defendant Liu's actions are in violation of these aforementioned rights of Plaintiff.

---

[4] In addition to the facially invalid contact information provided on the unauthorized FOAs, Defendant Liu is using a privacy services to conceal his identity further. Notice of this action is being provided to those privacy services at Super Privacy Service c/o Dynadot, PO Box 701, San Mateo California 94401, privacy@dynadot.com.

VI. Causes of Action

## Count I
### Claim for Declaratory Judgment

35. Plaintiff repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

36. Plaintiff had a contract with eNom for many years and has maintained uninterrupted control over the Defendant Domain Names since they were purchased by Plaintiff or Plaintiff's agents.

37. Defendant Liu's actions have taken control of the Defendant Domain Names from the Plaintiff.

38. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

## Count II
### Anticybersquating Consumer Protection Act (ACPA), 15 U.S.C. § 1114(2)(d)

39. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

40. The Plaintiff has owned the Defendant Domain Names for many years and has used them to both promote her businesses and generate substantial income and has common law rights in the marks.

41. Defendant Liu's actions constitute registration, trafficking, or use of a domain name that is identical to the Plaintiff's trademark with bad faith intent to profit therefrom.

42. The Plaintiff, because of Defendant Liu's actions, is being prevented from using and exercising control over the Defendant Domain Names.

43. The Plaintiff is being harmed through the loss of prospective traffic to her business, loss of income and loss of business and loss of prospective business opportunities unless enjoined.

44 The Plaintiff's business reputation and standing is at risk from posting of improper, illegal, incorrect or otherwise harmful information on the web pages associated with her domain names.

45. The Plaintiff, despite diligent inquiry, has been unable to obtain the accurate identity of a person subject to this Court's jurisdiction who would have been a defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I).

46. The above described conduct of the Defendant registrant of the Defendant Domain Names constitutes unlawful cybersquatting in violation of the Anticybersquating Consumer Protection Act, 15 U.S. C. § 1125(d)(1).

47. The above described conduct by Defendant Liu has caused, and is causing, great and irreparable harm to the Plaintiff and the public, specifically the potential posting of improper, illegal, incorrect or otherwise harmful information on the web pages associated with her domain names. Unless permanently enjoined by this Court, said irreparable harm will continue. Accordingly, pursuant to 15 U.S. C. § 1125(d)(2)(D)(i), the Plaintiff is entitled to an order transferring the Defendant Domain Names registration to the Plaintiff.

## Count III
### Tortuous Interference with Contractual Relationship

44. Plaintiff repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

45. Plaintiff properly entered into a contract with eNom, the registrar for the Defendant Domain Names before the Defendant Domain Names were stolen.

46. Defendant Liu has unlawfully taken control of the Defendant Domain Names, interfering with Plaintiff's lawful contract rights to the Defendant Domain Names.

47. As a result of Defendant Liu's acts, the Plaintiff has been damaged and will continue to be damaged. The Plaintiff requests that this Court declare Defendant Liu liable for her past and any future losses in association with the registration service contract.

## Count IV
### Conversion

48. The Plaintiff repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

49. The Plaintiff has property rights in the Defendant Domain Names.

50. Defendant Liu has taken control of the Defendant Domain Names and is wrongfully exercising control and authority over the Defendant Domain Names.

51. The control and authority exercised by Defendant Liu deprives Plaintiff the of control and the income and business generated from the Defendant Domain Names.

52. Defendant Liu is wrongfully exerting dominion over the Plaintiff's property in denial of her rights.

## Count V
### Violation of the Computer Fraud and Abuse Act

75. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

76. The Defendant knowingly and intentionally accessed the Plaintiff's email systems on a protected computer without authorization and thereby obtained information from the protected

computer in a transaction involving an interstate or foreign communication in violation of 18 U.S.C. § 1030(a)(2)(C).

77. The Defendant knowingly, and with intent to defraud, accessed the Plaintiff's email system on a protected computer without authorization and obtained information from that computer which the Defendant used to further a fraud and obtain something of value in violation of 18 U.S.C. § 1030(a)(4).

78. The Defendant intentionally accessed the Plaintiff's email system on a protected computer without authorization and as a result of such conduct caused damage and loss in violation of 18 U.S.C. § 1030(a)(5)(C).

79. The Plaintiff has suffered damages as a result of the conduct complained of and such conduct has caused a loss to the Plaintiff during a one-year period aggregating to at least $5,000.

80. As a direct result of the actions complained of, the Plaintiff has suffered, and continues to suffer, irreparable harm for which the Plaintiff has no adequate remedy at law and which will continue unless enjoined.

WHEREFORE, The Plaintiff respectfully requests of this court:

I. That judgment be entered in favor of the Plaintiff on its claims for violation of the Anticybersquating Consumer Protection Act; and

II. That judgment be entered in favor of the Plaintiff on its claims for violation of the Computer Fraud and Abuse Act; and

III. Enter an order declaring that the Plaintiff Qianqian Jin is the only entity with any rights to the contracts controlling the Defendant Domain Names; and

IV. Enter an order declaring that the Defendant Liu does not have any rights to the Defendant Domain Names; and

V. Enter an order directing that the Defendant Domain Names be promptly transferred to Plaintiff; and

VI. Enter an Order directing Verisign to promptly return control of the Defendant Domain Names to the Plaintiff, Qianqian Jin and the registrar as directed by counsel for the Plaintiff; and

VII. Award the Plaintiff its fees and costs, including reasonable attorney fees, in connection with this action pursuant to 15 U.S.C. § 1117(a); and

VIII. That the Court grant such other relief to the Plaintiff as the Court deems just and proper.

Dated: March, 4 2016

Respectfully Submitted,

Qianqian Jin
By counsel

Jonathan Westreich, Esq.
VSB No. 37393
Greenberg & Lieberman, LLC (of counsel)
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

and

Stevan Lieberman, Esq.
Greenberg & Lieberman, LLC
2141 Wisconsin Ave., NW Suite C2
Washington, D.C. 20007
(202) 625-7000, Fax: 202-625-7001
Stevan@aplegal.com

Jason Schaeffer, Esq.
ESQwire.com, P.C.
1908 Route 70 East
Cherry Hill, NJ 08003
856-874-9651/ Fax: 856-874-9182
jason@ESQwire.com

Counsel to Qianqian Jin

## Verification

I hereby state under penalty of perjury that the foregoing factual statements are true and correct to the best of my knowledge, information and belief.

March, 4 2016
Date

Qianqian Jin 金芊芊
Qianqian Jin