IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| QIANQIAN JIN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-cv-00235-AJT-MSN |
| | ) |
| MANHUA.COM, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Qianqian Jin's Motion for Default Judgment (Dkt. No. 9), pursuant to which Plaintiff seeks an order transferring to Plaintiff control of the domain names manhua.com, 5678.com, and 26266.com. Having reviewed the record, the undersigned makes the following findings and recommends entering default judgment in Plaintiff's favor.

**I.     Background**

Plaintiff is "in the business of domain monetization, and, as such, purchases domain names for the purpose of turning internet traffic into monetary gain through the use of site development, as well as click through traffic, creation of business ventures, and domain name sales." Compl. ¶ 18. Since registering the manhua.com, 5678.com, and 26266.com domain names, Plaintiff has "used [the domain names] to both promote her businesses and generate substantial income." *Id*. ¶¶ 13-15, 40. Plaintiff alleges that "[o]ver the many years of ownership of the [domain names], . . . Plaintiff has used the Defendant domain names in commerce" to the extent that consumers now associate them with her, and so has developed "common law [trademark] rights" in the domain names. *Id*. ¶ 21.

In January of 2016, Plaintiff logged into the eNom account with which she manages her domain names to find "that the [domain names] had been transferred out of her account on or about December 10, 2015." *Id*. ¶ 26. They had been reregistered in the name of "Miao Liu," with an associated address in China that Plaintiff believes to be "facially illegitimate and incomplete." *Id*. ¶¶ 4 n.1, 25. As a result of the foregoing, Plaintiff lost control of the domain names, and both income and web traffic associated with those domain names have been diverted away from Plaintiff's business. *Id*. ¶¶ 42, 43.

On March 4, 2016, Plaintiff filed suit under the Anti-cybersquatting Consumer Protection Act ("ACPA") in an effort to regain control of the domain names.[1] Seeking to proceed *in rem* against the domain names pursuant to the ACPA, Plaintiff obtained an order from the Court (Dkt. No. 5) granting leave to serve process via email, physical mail, and publication. Plaintiff certified her compliance with that order on March 16, 2016. *See* Notice (Dkt. No. 6); *see also* Mem. in Supp. of Mot. for Leave to Serve Process by Email and Publication (Dkt. No. 2) at 2. When Defendants failed to respond, the Clerk of the Court entered Defendants' default. *See* Clerk's Entry of Default (Dkt. No. 8). Plaintiff filed the instant Motion on April 20, 2016. No defendant appeared at the April 29, 2016 hearing held on Plaintiff's Motion, and the undersigned took the matter under advisement.

## II.     Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a) because it involves a federal question arising under the ACPA, 15 U.S.C. § 1125(d). This Court has *in rem* jurisdiction over the manhua.com, 5678.com, and 26266.com domain names pursuant to 15 U.S.C. § 1125(d)(2)(A), because Plaintiff alleges

---

[1] Plaintiff also brought a number of other claims against "Miao Liu" individually which are not before the Court on the present Motion, and which Plaintiff requests be dismissed without prejudice should the Court grant her Motion. *See* Mem. in Supp. of Mot. (Dkt. No. 10) at 3.

violations of her common law trademark rights, *see* Compl. ¶ 40, Plaintiff has been unable through due diligence to ascertain the true identity of the current registrant of the domain name, *see id.* ¶ 45, and the domain name's registry—Verisign—is located in this District. Venue is proper under 15 U.S.C. § 1125(d)(2)(C) due to Verisign's presence in this District.

### III. Service of Process

A plaintiff bringing an *in rem* action under the ACPA may serve process by 1) sending notice of the lawsuit to the listed email and physical addresses of the domain name registrant, and 2) publishing notice of the action as directed by the court. 15 U.S.C. § 1125(d)(2)(A)(ii). Plaintiff obtained leave of the Court to proceed in this manner, *see* Order (Dkt. No. 5), and has certified that she complied with these procedural requirements. *See* Notice (Dkt. No. 6); *see also* Mem. in Supp. of Mot. for Leave to Serve Process by Email and Publication (Dkt. No. 2) at 2. Plaintiff has therefore adequately served process pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii) as to the *res* Defendants manhua.com, 5678.com, and 26266.com.

### IV. Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Traffic Names, Ltd. v. Zhenghui Yiming*, No. 14-cv-1607, 2015 WL 2238052, at *4 (E.D. Va. May 12, 2015). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006).

3

Here, as no defendant has answered or otherwise timely responded, the well-pled allegations of fact in the Complaint are deemed admitted.

### V. Discussion and Findings

A plaintiff bringing an *in rem* action under the ACPA against a domain name must demonstrate that the domain name in question infringes the plaintiff's trademark. *See* 15 U.S.C.A. § 1125(d)(1)(A); *see also id*. § 1125(d)(2)(A)(i). This requirement can be satisfied by infringement of a plaintiff's common law right in an unregistered trademark. *See id*. § 1125(d)(2)(A)(i); *see also Traffic Names, Ltd.*, 2015 WL 2238052, at *4.

Plaintiff sufficiently alleges that she possesses common law trademark rights in the manhua.com, 5678.com, and 26266.com domain names. Among other things, Plaintiff alleges that she "has used the Defendant domain names in commerce" for a number of years, and has developed a "business reputation" in connection with them. Compl. ¶¶ 21, 44; *see also id*. ¶ 40 (Plaintiff asserts that she "has owned the Defendant Domain Names for many years and has used them to both promote her businesses and generate substantial income"). While Plaintiff's allegation that she has developed "common law rights" in the domain names, *see, e.g., id*. ¶ 40, is a legal rather than a factual contention, and as such need not be accepted as true for purposes of the present Motion, Plaintiff has pled facts sufficient to support such a finding. Accordingly, "Plaintiff's registration of the . . . [domain names] and use of them in business since that registration establishes h[er] common law rights in the marks." *Traffic Names, Ltd.*, 2015 WL 2238052, at *4.

Having established that Plaintiff possesses trademark rights that bring this case within the ACPA's ambit, the next question "is whether [the domain name's current registrant] . . . registered, trafficked in, or used a domain name . . . that is identical or confusingly similar to"

Plaintiff's trademark.[2] *Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264, 270 (4th Cir. 2001); 15 U.S.C.A. § 1125(d)(1)(A)(ii). There can be little doubt that this test is met here. The manhua.com, 5678.com, and 26266.com domain names are not merely similar to Plaintiff's common law trademarks, but are Plaintiff's own domain names re-registered by another individual. *See* Compl. ¶ 25; *see also Traffic Names, Ltd.*, 2015 WL 2238052, at *5.

In light of the above, Plaintiff has established that she is entitled to relief under the ACPA. Remedies in an *in rem* action under the ACPA are limited to "forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(2)(D)(i). Plaintiff requests the latter, seeking an order directing Verisign to transfer the manhua.com, 5678.com, and 26266.com domain names back to Plaintiff's control. *See* Mot. for Default J. at 2. Plaintiff also asks that the Court dismiss her remaining claims without prejudice. *See id*. In light of the foregoing, Plaintiff is entitled to the requested order.

## VI. Recommendation

In sum, the undersigned recommends:

1) Entering default judgment in Plaintiff's favor as to Plaintiff's claim under the ACPA against manhua.com, 5678.com, and 26266.com;

2) Dismissing the remainder of Plaintiff's claims without prejudice; and

3) Issuing an order including the following language specified by Plaintiff in her Motion directing Verisign to return control of the domain names to Plaintiff:

---

[2] Because "a showing of bad faith is not required in an *in rem* trademark infringement action under the ACPA," *Globalsantafe Corp. v. Globalsantafe.Com*, 250 F. Supp. 2d 610, 616 (E.D. Va. 2003), the undersigned does not address that issue. Nonetheless, the circumstances of this case, in which an unknown individual hacked into Plaintiff's eNom account and misappropriated domain names to which he or she has no legal right, would dictate a finding of bad faith as a matter of common sense.

It is hereby Ordered, as further relief in this matter, that the Registry of Record, being Verisign or some other Registry, shall promptly change the registrar for the domain names <manhua.com>, <5678.com> and <26266.com> as directed by Plaintiff's Counsel; and it is further

Ordered that the registrar of the domains names listed in the previous paragraph of this Order shall place the referenced domain names in the account as directed by the Plaintiff's Counsel.

**VIII. Notice**

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

May 26, 2016
Alexandria, Virginia